# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EUGENE CROSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-1000 TLS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Eugene Cross, a prisoner proceeding pro se, filed a habeas petition [ECF No. 1] challenging a prison disciplinary proceeding. In ISP #13-07-0028, Cross was found guilty of unauthorized use/possession of a controlled substance. (Resp., ECF No. 6-4.) The charge was initiated on July 1, 2013, when Officer Willie Parnell wrote a conduct report stating as follows:

> On 7-1-2013 the test results from the REDWOOD TOXICOLOGY LABORATORY were received by the Internal Affairs Department of INDIANA STATE PRISON. While looking through the results offender Eugene Cross #923349 had a positive test for Marijuana (THC). On 6-24-2013 Offender Cross provided a urine specimen for the Offender Urinalysis Program.
>
> Redwood Laboratory found the seal sealed on the specimen bottle. This specimen was sealed in front of offender Cross by W. Parnell, the administrator of the test.
>
> Note: According to Corizon Medical Services offender Cross was/is not any medication at the time that would test positive for the above drug.
>
> The restitution for this drug test is $17.28 in accordance with the Department's Administrative procedures for policy 01-02-107.
>
> $15.00 for laboratory fees
> $2.28 for field test
> Total of $17.28

(Resp., ECF No. 6-1.) A laboratory report was attached, showing a positive drug test result for Cross. (Resp., ECF No. 6-2.)

On July 2, 2013, Cross was notified of the charge and given a copy of the conduct report. (Resp., ECF Nos. 6-1, 6-3.) He pled guilty to the charge. (Resp., ECF No. 6-3.) He did not request any witnesses or evidence, and waived the 24-hour notice requirement. (*Id.*) He indicated that he did not wish to attend the hearing, and asked that the hearing officer "send sanctions in mail." (*Id.*) He further asked the hearing officer to "be lenie[n]t." (*Id.*) On July 2, 2013, the hearing officer conducted a hearing on the charge. (Resp., ECF No. 6-4.) After considering the conduct report, she accepted Cross's guilty plea. (*Id.*) She sanctioned him with 60 days lost earned-time credits, a credit-class demotion, a 30-day loss of phone privileges, and an order to pay $17.28 in restitution. (*Id.*) His administrative appeals were denied.[1] (Resp., ECF No. 6-6; *see also* Petition, ECF No. 1 at 7.)

When a due process liberty interest is at stake in prison disciplinary hearings, the Fourteenth Amendment guarantees prisoners certain procedural due process protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

---

[1] It appears that the Respondent inadvertently failed to submit Cross's facility-level appeal along with the return; however, this document was submitted by Cross along with his Petition. (*See* Petition, ECF 1 at 7.) The Respondent should take greater care in submitting the full and complete administrative record in future cases.

Cross raises one claim in his Petition: that his rights were violated because the hearing officer failed to document on the hearing report why she imposed that particular sanction. (Petition, ECF No. 1 at 2.) His argument appears to be based on her failure to comply with Indiana Department of Correction (IDOC) regulations. However, even if IDOC regulations were violated, this would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Giving the Petition liberal construction, Cross may be arguing that the hearing officer's written statement was inadequate under *Wolff*. The written statement requirement was intended to ensure "administrative accountability and meaningful review," but it is "not onerous." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). To satisfy due process, "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* Furthermore, "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides[.]" *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987).

This case did not involve complex factual or legal issues. The sole issue was whether Cross used a controlled substance. The hearing officer's reasoning is quite clear: she considered the conduct report and accepted Cross's guilty plea. (Resp., ECF No. 6-4.) "As there is no mystery about [the hearing officer's] reasoning process," her statement was constitutionally adequate. *See Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987); *see also Culbert*, 834 F.2d at

3

631 (although written statement merely referred to conduct report as basis of guilty finding, "nothing more is constitutionally required where the only issue presented at the hearing involved an assessment of the relative credibility of the conduct report and the plaintiff's account of the incident").

As stated above, Cross appears to believe the hearing officer's statement was inadequate because she did not check any boxes on the form indicating why she chose that particular sanction. (*See* Traverse, ECF No. 10 at 4; Resp., ECF No. 6-4.) However, there is no requirement in *Wolff* that the hearing officer provide an explanation of the choice of sanction imposed; the requirement is that she provide the reasons for the guilty finding, and as explained above, that standard has been satisfied. *See Wolff*, 418 U.S. at 564–65. Furthermore, even if Cross could establish a due process error in this regard, to obtain habeas relief he must also demonstrate prejudice. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (employing harmless error analysis to due process error in disciplinary proceeding); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (without a showing of prejudice claim of due process violation failed). In his administrative appeal, Cross was informed by the facility head that the reason for the severe sanction was the seriousness of the offense and the "frequency/nature" of the infraction. (Petition, ECF No. 1 at 7.) As the facility head pointed out, the evidence shows Cross committed multiple prior controlled substance violations. (*See* Resp., ECF Nos. 6-8, 6-9.) Thus, Cross was told of the reason behind the sanction, and there is ample support in the record for the reason given. He has failed to demonstrate an entitlement to federal habeas relief.

## CONCLUSION

For these reasons stated above, the Petition [ECF No. 1] is **DENIED**.

SO ORDERED on April 21, 2014.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION